UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv- 21531-WPD

CESAR NAHUN RODRIGUEZ-BANEGAS,

      Petitioner,

vs.

WARDEN OF THE MIAMI FEDERAL
DETENTION CENTER, *et al.*

      Respondents.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

This cause is before the Court on Petitioner's Motion for Reconsideration and/or Clarification (the "Motion"), filed herein on March 30, 2026. [DE 9]. The Court has considered the Motion, the Response [DE 11], and the Reply [DE 13] as well as arguments presented at the April 23, 2026 hearing [DE 15] and is otherwise fully advised in the premises.

On March 27, 2026, the Court entered an Order Denying Petitioner's Petition for Writ of Habeas Corpus. [DE 8]. The Court held that Petitioner is subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because Petitioner was present in the United States without being admitted, and therefore, under the reasoning of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026), is properly considered "applicant for admission" and therefore subject to mandatory detention. Petitioner moved for reconsideration of the Court's March 27, 2026 Order denying his habeas petition because the Court did not elucidate its reasoning with respect to the arguments

made by Petitioner that, as someone who was granted humanitarian parole to enter the country, his position is unlike those petitioners in *Buenrostro-Mendez v. Bondi*.

In the present case, Petitioner was apprehended at the border on September 13, 2021, and remained in ICE custody for seven days while Respondents conducted a case-by-case analysis. On September 20, 2021, Respondents exercised their discretionary authority and paroled Petitioner into the United States pursuant to humanitarian parole under INA § 212(d)(5), thereby authorizing his entry into the country.

Petitioner argues these facts are materially distinct from *Buenrostro-Mendez*, wherein petitioners "entered the US illegally" back in 2001 and 2009 and were encountered for the first time in 2025. Upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i); *Buenrostro-Mendez*, 166 F.4th at 500. The Fifth Circuit concluded that "Presence without admission deems the petitioners to be applicants for admission." *Id.* at 502. Petitioner now asserts this holding was confined to a situation where noncitizens entered the country unlawfully and remained in the country unlawfully; not to people like him who entered on a valid grant of humanitarian parole.

Without commenting on whether *Buenrostro-Mendez* extends to situations like this one, the Court determines that Petitioner is nevertheless subject to mandatory detention. Petitioner asserts he was paroled into the country on a grant of humanitarian parole under INA § 212(d)(5)(A). That section provides that "[t]he Secretary of Homeland Security may . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien *applying for admission* to the United States," 8 U.S.C. § 1182 (emphasis added). The statute

continues, "but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served *the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.*" *Id.* (emphasis added); *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).

That is, humanitarian parole is a creature of, and an exception to, mandatory detention under § 1225(b)(2)(A). *See Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018) (explaining that noncitizens who are subject to mandatory detention under § 1225(b) may be "temporarily parole[d]" "for urgent humanitarian reasons or significant public benefit" under 8 U.S.C. § 1182(d)(5)(A)); *Aldana v. Collins*, No. 1:26-CV-335-RP, 2026 WL 673827, at *3 (W.D. Tex. Mar. 9, 2026) ("[h]umanitarian parole is the form of release available under the INA for an 'arriving' noncitizen w*ho is subject to mandatory detention* under § 1225(b)(2)(A).") (emphasis added); *Lopez v. Dir. of Enf't & Removal Operations*, No. 3:25-CV-1313-JEP-SJH, 2026 WL 261938, at *3 (M.D. Fla. Jan. 26, 2026) (explaining that humanitarian parole is "'a specific provision authorizing' a different kind of 'release from § 1225(b) detention'").

Humanitarian parole thus "permits a noncitizen to physically enter the country . . . subject to a reservation of rights by the [g]overnment that it may continue to treat the noncitizen 'as if stopped at the border[.]'" *Morais v. Warden*, No. 3:25-CV-1619-WWB-SJH, 2026 WL 1040486, at *2 (M.D. Fla. Apr. 17, 2026) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)) (quotation omitted).

In accordance with these principles, the Court agrees that "an alien released into the United States on humanitarian parole is an alien seeking admission" because as above, "'once the purpose of parole has been served, an alien released into the United States on humanitarian parole is an alien seeking admission.'" *Mokanu v. Warden Miami Fed. Det. Ctr.,* No. 1:25-CV-24121-EA, 2026 WL 472294, at *6 (S.D. Fla. Feb. 19, 2026) (Artau, J.) (quoting 8 U.S.C. § 1182(d)(5)(A) (emphasis added)). That is, now that Petitioner's humanitarian parole has expired, and "while [Petitioner] may have physically spent time in the interior of the United States after his release, the law places him exactly where he started—at the border, subject to § 1225." *Lezcano v. Ripa,* No. 2:26-CV-766-KCD-DNF, 2026 WL 1004523, at *2 (M.D. Fla. Apr. 14, 2026).

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion for Reconsideration [DE 9] is **DENIED**;

2. This case remains **CLOSED;**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 28th day of April, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record